IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **PENNYMAC LOAN SERVICES, LLC,** § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> **ERIC DE LA ROSA, JR., AMBER LYNN** § <br> **HERNANDEZ, AND UNITED STATES OF** § <br> **AMERICA, ON BEHALF OF THE** § <br> **SECRETARY OF HOUSING AND URBAN** § <br> **DEVELOPMENT,** § <br> Defendants. § | | **CIVIL ACTION NO.** <br><br> <u>5:25-cv-00185</u> |

## PLAINTIFF'S ORIGINAL COMPLAINT

PennyMac Loan Services, LLC complains of Defendants, Eric De La Rosa, Jr., Amber Lynn Hernandez, and United States of America, on behalf of the Secretary of Housing and Urban Development, stating as follows:

### I.   PARTIES & JURISDICTION

1.   PennyMac Loan Services, LLC ("PennyMac") is a limited liability company, and it may be served in this matter through its attorney of record.

2.   Defendant Eric De La Rosa, on information and belief, is a resident of Bexar County, Texas, residing at 3351 Ranco Grande, San Antonio, TX 78224 and may be served with process at that address.

3.   Defendant Amber Lynn Hernandez, on information and belief, is a resident of Bexar County, Texas, residing at 3351 Ranco Grande, San Antonio, TX 78224 and may be served with process at that address.

4.   Defendant United States of America on behalf of the Secretary of Housing and Urban Development ("HUD"), may be served with process through the Associate General Counsel

of Litigation at Office of Litigation, 451 Seventh Street, S.W., Washington, D.C. 20410.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, as PennyMac seeks to foreclose a lien on real property in which HUD, as an agency of the United States, holds a subordinate lien interest. Section 2410 expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property. Because the Secretary of HUD, in their official capacity, holds a junior lien on the subject property, this Court has jurisdiction to adjudicate the foreclosure proceedings and determine the rights of all lienholders, including HUD's interest. Additionally, jurisdiction is proper under 28 U.S.C. § 1331, as the matter involves the interpretation and enforcement of federal laws governing HUD's lien rights.

6. The Court has general and specific jurisdiction over all the Defendants that are domiciliary of Texas or have sufficient contact with the forum state. *Daimler AG v. Bauman,* 571 U.S. 117 (2014). The Court has personal jurisdiction over the Secretary of HUD because the Secretary, through its junior lien on real property located within the State of Texas, has purposefully availed itself of the privilege of conducting activities within Texas, thus invoking the benefits and protections of its law. Similarly, the named Defendants, through their respective interests in the real property located within the State of Texas, have purposefully availed themselves, as well. Therefore, the exercise of personal jurisdiction over the named Defendants, including the Secretary of HUD, is consistent with traditional notions of fair play and substantial justice.

7. Venue is proper in the Western District of Texas, San Antonio Division under 28 U.S.C. § 1391(b) and 28 U.S.C. § 124(d)(3) because that is the district and division in which at least one Defendant resides, and because that is the district and division in which the real property

that is the subject of this action is situated.

## II.   BREACH OF CONTRACT

8. On July 26, 2021, Eric De La Rosa, Jr. and Amber Lynn Hernandez ("Borrowers") made, executed and delivered to Inspire Home Loans, Inc., a certain Promissory Note ("Note"), in writing, whereby Borrowers promised to pay the amount of $260,200.00 plus interest. A true and correct copy of the Note is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 1**. Thereafter, Inspire Home Loans, Inc., indorsed the Note and the same was assigned to PennyMac.

9. On July 26, 2021, Borrowers executed a certain Deed of Trust ("Security Instrument"), to secure the Note with certain real property, to wit:

> LOT TWENTY-SEVEN (27) IN BLOCK SIX (6) NEW CITY BLOCK (N.C.B.) 14552 OF PALO ALTO TRAILS II UNITS 3 & 4, A SUB-DIVISION IN BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 20002, PAGES 183-185 OF THE PLAT RECORDS OF BEXAR COUNTY, TEXAS.

Said real property having a reported mailing address of 3351Rancho Grande, San Antonio, TX 78224 ("Property"). By executing the Security Instrument, Borrowers granted a lien on and recourse to the Property for a breach thereunder. A true and correct copy of the Security Instrument is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 2**. PennyMac is the record assignee of the Security Instrument under that certain Assignment of Deed of Trust ("Assignment"). A true and correct copy of the Assignment is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 3**.

10. The obligation evidenced by the Note and Security Instrument is also hereinafter referred to as the "Loan."

11. Borrowers, to PennyMac's detriment, have failed and refused to pay amounts that

have come due under the Loan, although demand for payment has been made. PennyMac caused to be provided to Borrowers proper notices of the default described herein and its intent to accelerate the indebtedness ("Notices of Default"), true and correct copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 5**. Each occurrence of non-performance by Borrowers under the Loan as herein described is a breach thereunder.

12. Borrowers' continued breach under the Loan has directly and proximately caused damages to PennyMac in that amounts due to PennyMac remain unpaid, and in that PennyMac is incurring fees and expenses to enforce its rights under the Loan and to protect its security interest in the Property.

13. Borrowers have not cured the default described in the Notices of Default. Consequently, PennyMac has, and/or does, hereby exercise its right under the Security Instrument to require immediate payment in full of all sums secured thereunder. PennyMac's records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, was $247,109.15 as of April 1, 2024.

14. For consideration, Borrowers promised to repay the Loan in installments. Borrowers breached such promise to the detriment of PennyMac. Thus, and in accordance with Texas Rule of Civil Procedure 735, PennyMac is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and foreclosure upon the lien against the Property securing such amount.

### III.   INTERESTS OF HUD AND OTHER SUBORDINATE LIENHOLDERS

15. Defendant HUD is named herein as a defendant because it claims an interest in the

Property under the terms of that certain Texas Deed of Trust filed on May 22, 2023, as Instrument Number: 20230091575 and that certain Texas Deed of Trust filed and recorded on February 8, 2024, as Instrument Number: 20240023552, in the Official Public Records of Bexar County, copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 6**. This interest is subordinate and inferior to PennyMac's interest in the Property. Plaintiff is not seeking monetary relief from this Defendant.

### IV.   CONDITIONS PRECEDENT

16. By virtue of filing this Complaint, PennyMac hereby accelerates all sums due under the Loan and demands payment in full of the said amount.

17. Borrowers' failure to comply with this demand entitles PennyMac to seek foreclosure of the Property.

18. All conditions precedent to the relief requested herein by Pennymac have been performed or have occurred.

### V.   ATTORNEYS' FEES

19. The Loan provides that in the event of foreclosure, and insofar as allowed by Texas Rule of Civil Procedure 735, PennyMac may be awarded all expenses incurred in pursuing remedies provided for thereunder, including reasonable attorneys' fees and costs, expenses, or advances made necessary or advisable or sustained by PennyMac because of the default or to protect its security interest. PennyMac has retained Marinosci Law Group, P.C., and agreed to pay its reasonable attorneys' fees and costs incurred relative to this proceeding and to protect PennyMac's security interest in the Loan.

**PRAYER**

WHEREFORE, PennyMac Loan Servicing, LLC prays that after service of process is completed as to all Defendants, then the Court quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's fees and expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to PennyMac for Defendants, Eric De La Rosa and Amber Lynn Hernandez's, breach of contract as herein alleged, deem all junior lienholders' interest in the Property inferior to the superior interest of PennyMac, and for all other relief Court deems appropriate.

DATE: February 20, 2025.

Respectfully submitted,
MARINOSCI LAW GROUP, P.C.

*/s/ Sammy Hooda*
Sammy Hooda / TX State Bar No. 24064032
16415 Addison Road, Suite 725
Addison, Texas 75001
Phone: 401.234.9200 x 3002
Fax: 972.331.5240
Email: shooda@mlg-defaultlaw.com
**ATTORNEYS FOR PLAINTIFF**
**PENNYMAC LOAN SERVICING, LLC**