IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC,<br>*Plaintiff*<br><br>-vs-<br><br>ERIC DE LA ROSA JR., AMBER LYNN HERNANDEZ, UNITED STATES OF AMERICA, ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT (HUD);<br>*Defendants* | § § § § § § § § § § § § | SA-25-CV-00185-XR |

**<u>DISMISSAL ORDER</u>**

On this date, the Court considered the status of this case. After careful consideration, the Court will **DISMISS** this case **WITHOUT PREJUDICE** for want of prosecution and failure to comply with court orders.

This foreclosure case was filed in this Court on February 20, 2025, against Defendants Eric De La Rosa, Jr., Amber Lynn Hernandez, and the United States of America, on behalf of the Secretary of Housing and Urban Development. ECF No. 1. On the same date, the Plaintiff requested issuance of summons. ECF No. 3.

Rule 4(c) of the Federal Rules of Civil Procedure provides in pertinent part: "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED R. CIV. P. 4(c)(1). Proof of service must be made to the court by filing the server's affidavit. FED. R. CIV. P. 4(l)(1). Rule 4 further provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

The 90-day time period for service has expired in this case and there is no indication that defendants have been properly serviced or have agreed to waive service.

On May 21, 2025, this Court ordered the Plaintiff to show cause (ECF No. 4) in writing on or before May 28, 2025, as to why this case should not be dismissed pursuant to Rule 4(m). To date, the Plaintiff has not responded.

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b). The Court's authority in this regard stems from its inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). Given Plaintiff's failure to prosecute this case and failure to comply with this Court's previous order, the Court concludes that dismissal is warranted.

## CONCLUSION

Accordingly, the Court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

It is so **ORDERED**.

**SIGNED** this 30th day of May, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE